## SEALS, ARMOUR & COMPANY *v.* STOCKS.

Although the defendant in an action of bail-trover, which the plaintiff voluntarily dismisses, is ordinarily entitled to a judgment against the latter and his sureties upon a bond given by him under section 4606 of the Civil Code for the purpose of obtaining possession of the property, yet, where such an action was dismissed because of a mutual mistake of law upon the part of counsel for both parties as to its effect, and upon an implied, if not an express understanding that the only effect of the dismissal would be a mere failure by the plaintiff to recover in his action, and during the same term the plaintiff, in resistance to a motion of the defendant to enter a judgment upon the bond, made a motion to reinstate the bail-trover action for the purpose of having the same tried upon its merits, it was error to deny the latter motion.

*Atkinson, J.*, dissenting.—Where a bail-trover proceeding was voluntarily dismissed by the plaintiff for the reason that counsel did not believe that its further prosecution would be fruitful, it affords no ground for its subsequent reinstatement, even during the term at which it was dismissed, that the plaintiff's counsel afterwards discovered that, as a matter of law, the plaintiff and his sureties were liable over to the defendant upon the bail-bond because of the failure of the action. If, in order to relieve against the consequences of such dismissal, the plaintiff's counsel desired to invoke the exercise of an equitable discretion of the court upon the ground that the conduct of the defendant's counsel had misled him, and that he was induced to the dismissal because of some agreement or understanding between the defendant's counsel and himself, he cannot complain of the refusal of the court to interfere in his behalf, where he does not plainly and distinctly set out the alleged agreements or understandings of the opposite counsel, or that such statements, if any, were made with the design of misleading him, nor allege distinctly how and in what manner he was misled.

Submitted June 15,—Decided November 9, 1896.

Motion to reinstate. Before Judge Hart. Greene superior court. August term, 1895.

*Samuel H. Sibley* and *G. A. Merritt*, for plaintiffs.
*James B. Park, Jr.*, and *Ph. Robinson*, for defendant.

LUMPKIN, Justice.

It is now well settled that the defendant in an action of bail-trover, which the plaintiff voluntarily dismisses, is ordinarily entitled to a judgment against the latter and his sureties upon the bond given by him under section 4606 of the Civil Code for the purpose of obtaining possession of the property in dispute. *Thomas* v. *Price*, 88 *Ga.* 533; *Block* v. *Tinsley*, 95 *Ga.* 436. A majority of the court are, however, of the opinion that the general rule is inapplicable to the present case.

It appears that Seals, Armour & Co. brought against Stocks an action of bail-trover for the recovery of a mule. Pending the action the mule died; and the plaintiffs, becoming satisfied that on account of the insolvency of the defendant they had no hope of making their action productive, that is no hope that anything could be realized upon a judgment in their favor, were willing to dismiss the case. It seems that a conference of some kind was had between the plaintiffs' counsel and counsel for the defendant with reference to this matter, and that both believed a separate suit upon the bond—in which the question as to the cause of the death of the mule and the liability of the plaintiffs therefor could be fully investigated—would be the proper remedy to be pursued by the defendant. It also appears that the plaintiffs' counsel, in dismissing the bail-trover action, intended merely to abandon the prosecution of that case, and that, in the conference above mentioned, the defendant's counsel believed that such would be the legal effect of the dismissal. Accordingly, the case was dismissed. There is nothing in the record remotely suggesting that the plaintiffs doubted their ability to obtain a verdict and judgment. Their only reason for dismissing was, that the death of the mule satisfied them that such a judgment would be worthless. During the same term at which the dismissal was had, the defendant's counsel moved to enter up a money judgment against the plaintiffs and their surety, for the

sworn value of the mule, as recited in the bond given by the plaintiffs, as above stated. In resistance to this motion, the plaintiffs' counsel moved to set aside the judgment of dismissal and reinstate the case. The main ground of this motion was, that the plaintiffs' action had been dismissed because of the conference which had taken place between the counsel, and of the mutual mistake of both as to what would be the legal effect of the dismissal. It also appeared from the recitals of the motion that the plaintiffs' action, upon its merits, was sustainable if carried to trial. Assuming that these recitals were true, the plaintiffs would have been entitled to a verdict. The court overruled the motion, holding that no sufficient legal reason was shown for reinstating the case, and that the court had no discretion in the matter; and accordingly, the judgment moved for by the defendant was allowed.

We think it obvious from this statement of the facts (as to which there was no dispute) that the plaintiffs would not, in the first instance, have dismissed their action but for the mutual mistake of law upon the part of counsel for both parties; and that what occurred between them amounted, if not to an express, at least to an implied understanding and agreement that the only effect of the dismissal would be a mere failure by the plaintiffs to recover in their action. The record does not clearly disclose what was said pro and con, by the respective counsel, but the result of their interview is sufficiently apparent. It cannot, we think, be doubted that the plaintiffs' counsel dismissed the case under the honest impression and belief that he was doing no more than abandoning his clients' right to recover therein, and that counsel on the other side acquiesced in this view and consented to such a disposition of the case, and was therefore under an obligation not to take any further steps in the case inconsistent with such understanding and agreement. While there was no agreement in writing which the court could enforce as such, there evidently was a definite under-

standing as to the legal effect of an order of court which the plaintiffs' counsel, as a result of the conference had with counsel for the opposite party, caused to be entered under the honest belief that the latter consented thereto. It is true that Rule 20 of the Superior Courts declares: "No consent between attorneys or parties will be enforced by the court, unless it be in writing and signed by the parties to the consent, where such consent or agreement is denied by the opposite party." But it was held in *Bradshaw* v. *Gormerly*, 54 *Ga.* 557, 559, that though such an agreement rested wholly in parol, yet, if acted upon in good faith and partly executed by one of the parties thereto, the opposite party would be "estopped from saying that the agreement was not in writing." It is clear that counsel for the plaintiffs would not have procured the order in question to be entered but for the fact that he relied upon what he believed to be a distinct understanding and agreement between himself and opposite counsel that such order should operate as a final disposition of the case; and having acted upon and fully executed this agreement, it is binding on the defendant as effectually as though it had been reduced to writing and signed by his counsel. It makes no difference that, owing to a misconception of the legal effect of the order, the end in view failed of accomplishment. This result grew out of the mutual mistake of counsel as to a matter of law, viz.: as to how their agreement could be legally carried into effect. It would be manifestly unfair to allow one of the parties to profit thereby, deriving an advantage not contemplated by the agreement as actually made. Indeed, our code distinctly recognizes the equitable principle that relief from the consequences of a mistake of law will be granted where, through a misconception on the part of both parties to an agreement, the language employed to express the same has a different legal meaning from that contemplated, and "operates as a gross injustice

to one" of the parties, "and gives an unconscientious advantage to the other." Civil Code, §3979.

But even if the plaintiffs in error had no absolute right to insist upon the enforcement of the verbal understanding and agreement had with counsel for the defendant, we think the trial judge erred in holding that he had no discretion in the matter of reinstating the case. The motion to reinstate was made during the same term at which the order of dismissal had been entered; and as all judgments are, until the end of the term, under the control of the judge, he unquestionably has full and ample power, for any good and sufficient reason, to modify or vacate them, as the ends of justice may require. We think the case in hand was one calling for the exercise of this discretionary power resting with the trial judge. When he saw that the plaintiffs' counsel had been misled or entrapped, by the conduct of counsel on the other side, into making a disposition of the case which would not have been made but for the mistake in question, the trial judge might very properly have exercised this power by correcting the wrong thus done. It makes no difference that the defendant's counsel was perfectly innocent of any intention to mislead or deceive, or that he was perfectly honest in his erroneous impression as to the effect of the dismissal when he permitted counsel for the plaintiffs to act upon his consent thereto. The injury to the plaintiffs is exactly the same as if the conduct of defendant's counsel had been actually wrongful —which was, however, by no means the case.

Again, it is proper and pertinent to observe that the rule laid down in the cases cited at the beginning of this opinion is based solely upon the idea that the plaintiff in an action of trover, who obtains possession of the property in dispute by giving the requisite bond and security, will not be permitted to unjustly deprive the defendant of his right to enter judgment on the bond, which might result if the plaintiff were allowed to capriciously dismiss his action.

The reason of that rule does not apply even remotely to the case in hand, the facts of which show conclusively that the plaintiffs, in dismissing their action, had no intention to defeat any right of the defendant, and were actuated by no improper motive, but that their real purpose was perfectly legitimate, was disclosed and explained to defendant's counsel, and was fully understood by and acquiesced in by the latter.                          *Judgment reversed.*

ATKINSON, Justice, dissenting.

Whatever of difference there is between the members of the court upon the questions of law in this case arises from a disagreement as to the legal effect of the judgment which was sought to be set aside in the court below. The majority of the court consider that judgment as being in effect a mere dismissal or discontinuance of their action by the plaintiffs; whereas the writer is of the opinion that, under the facts stated, the act of the plaintiffs amounted to a retraxit, and that the dismissal in open court of their suit, because of the fact that they did not believe that the same would be fruitful if prosecuted to a conclusion, was an open, public, and voluntary renunciation by the plaintiffs of their suit, and as well of their cause of action. The legal effect of a retraxit, after judgment of dismissal entered in consequence thereof, is to extinguish the plaintiffs' cause of action; the legal effect of a mere dismissal or discontinuance of a suit by the plaintiffs is to leave the cause of action still alive, and it operates only to dispose of the pending suit with a privilege to the plaintiffs to renew their suit thereafter upon the payment of costs. Civil Code, §§5042-5043. That the action of the plaintiffs amounted to a retraxit within the meaning of the provisions of the code is evident from a statement of the facts preceding the rendition of the judgment, as they state them in their application to reinstate the dismissed suit. The plaintiffs sued out a bail-trover proceeding to recover a certain mule; the de-

fendant failing to give bond for the forthcoming of the
property to answer the judgment, the plaintiffs, under the
provisions of our code, executed a bond and took possession
of the property. Pending the action the mule which was
the subject of the controversy died, and when the case
came on for trial, the plaintiffs voluntarily, and in open
court, dismissed their action, assigning as a reason therefor
that they could not hope that the action would in future
prove fruitful, and, therefore, they dismissed it. That they
intended this as a final abandonment of the pending suit,
and as well a renunciation of their cause of action, is con-
ceded in the opinion of the majority, and it is therefore
unnecessary to cite the evidence further upon that point;
for Mr. Justice Lumpkin, speaking for the court, says: "It
also appears that the plaintiffs' counsel, in dismissing the
bail-trover action, intended merely to abandon the prosecu-
tion of that case, and that, in the conference above men-
tioned, the defendant's counsel believed that such would be
the legal effect of the dismissal." And further in his opinion
he says: "It cannot, we think, be doubted that the plain-
tiffs' counsel dismissed the case under the honest impres-
sion and belief that he was doing no more than abandoning
his clients' right to recover therein." These references to
the opinion of the majority are made for the purpose merely
of showing that in the minds of the plaintiffs, at the time
the suit was dismissed, there was a fixed determination not
to prosecute their action, and, according to section 5042
of the Civil Code, their right of action was thereupon gone
forever. When the dismissal upon these considerations
occurred, it was a judgment upon the merits as conclusive
upon the plaintiffs as would have been a judgment of dis-
missal upon a general demurrer filed to their declaration
as for the want of a cause of action. It was as conclusive
upon the plaintiffs as would have been a judgment in their
favor entered upon a confession of the cause of action made
by the defendant. It was a judgment which disposed of

the entire matter of controversy between the parties, and such a judgment as the court would neither have had the power nor discretion to set aside, except for error committed in its rendition, or for such reason as would have authorized a court of equity to furnish relief in favor of the plaintiffs. If all the facts stated in the plaintiffs' application for the reinstatement be admitted as true, then no reason appears why they should prosecute their action at this time that did not appear and was controlling and operative at the time they dismissed their suit.

It is submitted that the majority of the court, in its opinion, anticipates the force of the alleged estoppel which is sought to be set up as against the defendant in this case. If in consequence of any fraud, legal or moral, practiced upon the plaintiffs by the defendant they have been induced to dismiss their action, and thus have exposed themselves to a liability to the defendant upon the replevy bond given by the plaintiffs, that estoppel should have been urged and could have been made effective only in reply to the application of the defendant for a judgment of restitution upon the bond. If the plaintiffs dismissed the case because their action, if affirmatively prosecuted, could not have been fruitful, the alleged conduct of the defendant in acquiescing in the dismissal would not have had the effect, upon the reinstatement of the suit, to have rendered that fruitful which theretofore was confessedly fruitless. For this reason the conduct of the defendant could not be urged as a reason for the reinstatement of the case. As has been stated before, if the conduct of the defendant were such as to raise an estoppel in favor of the plaintiffs as against the defendant's right to a judgment of restitution, that estoppel should have been set up, not in aid of a motion to reinstate a suit which had been voluntarily dismissed upon an open and public renunciation of the cause of action upon which it was based, but to defeat the right in favor of the defendant which grew out of the judgment of dismissal.

The writer of this cannot bring his mind to agree to the proposition that the facts stated make such a case of fraud as would authorize the court to set aside the judgment complained of, upon equitable principles such as are invoked. It is respectfully submitted that section 3979 of the Civil Code (it being the section upon which the majority supports the argument that the court was justified in granting relief against the consequence of an alleged mutual mistake of law) has no application to the facts of the present case. That section provides as follows: "An honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when such mistake operates as a gross injustice to one, and gives an unconscientious advantage to the other, may be relieved in equity." This is the rule with respect to contracts; but it is submitted that where contracts have been reduced to judgment, another rule of law applies, and this is to be found in sections 3987 and 5370 of the Civil Code. Section 3987 provides, "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." Section 5370 of the Civil Code provides, "The judgment of a court of competent jurisdiction may be set aside by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." The judgment of dismissal in this case not only disposed of the plaintiffs' suit, but extinguished their cause of action. It was rendered by a court of competent jurisdiction, and the writer is unable to find in the facts of the present case any such circumstances as would authorize a court of equity to grant relief against the judgment. The counsel for the defendant and for the plaintiffs dealt with each other at arm's length. There were no mutual confidences between them. No representation appears to have been made by the defendant's counsel to induce the plaintiffs' counsel to

dismiss his action.   The plaintiffs' counsel may have been laboring under an honest mistake, but that mistake was not induced by any act of the adverse party.   If the mistake existed, it was a mistake which resulted from ignorance of the law.   It was a mistake which may be attributable to the negligence of the plaintiffs' counsel in omitting to inform himself as to the legal effect of the step he was about to take in his client's interest.   The defendant's counsel owed him no duty in the premises, and was under no obligation to point out to him, even if he had himself known to the contrary, the error into which the plaintiffs' counsel was about to fall.   Counsel learned in the law are not supposed to look to their adversaries for advice touching the legal rights of their clients, and the writer has yet to see a case in which the courts have granted relief against the consequences of the ignorance of counsel where the adverse party has done nothing to induce the complainant to act to his own prejudice.

The reinstatement of the case, even if allowed, could not have revived the plaintiffs' dead cause of action.   It would, therefore, have been useless to have reinstated it. The judgment was fairly rendered.   The court had no arbitrary power to set it aside; and no reason appearing which would have authorized it to be set aside, he had no discretion in the premises.

The legal effect of the reversal of the judgment refusing to reinstate the case is to deny to the defendant the benefit of the salutary rule of law which entitles him to restitution as against a plaintiff who institutes and prosecutes unsuccessfully a bail-trover proceeding.   Such a proceeding is one of the harshest known to the law.   The defendant may be deprived of his property by a summary proceeding, but the law reserves to him the right to restitution if the plaintiff should fail in his action.   Such was the present case, and this court should not deny to him the right which the law has established in his favor.

Upon these considerations, the judgment of the court below should be affirmed.