DECIDED SEPTEMBER 29, 1931.

J. R. *Barwick*, Isaac S. *Peebles*, for plaintiff.
R. G. *Price*, for defendants.

21137. LANGSTON v. MARYLAND CASUALTY COMPANY et al.

STEPHENS, J. 1. There is no law or rule which requires agreements between counsel, when made in open court, to be in writing. Such is not the requirement of sections 6221 and 6278 of the Civil Code of 1910, which have reference to proceedings only in the Supreme Court and the superior court respectively.

2. An agreement between counsel, made upon the hearing of a claim for compensation before one of the industrial commissioners, that the claimant is to be examined by a physician and that the physician's report thereon be made without an examination of the physician as a witness, is not unenforceable by reason of not being in writing. Where such an agreement was made orally upon the trial before the commissioner there is no merit in an assignment of error made by the claimant, in an appeal to the superior court excepting to the award of the commissioner denying compensation, that the agreement was not in writing.

3. Where it appears from the evidence adduced before the commissioner, and in the recitals in the findings of the commissioner, that there was an agreement to receive the physician's report of the examination of the claimant without subjecting the physician to examination as a witness, an exception in the. appeal to the superior court, that the acceptance of the report of the physician as evidence was illegal in that it was not made under oath, was made without notice to the claimant's counsel of the time and place of hearing, and without other notice, and was not made under the rules relative to taking depositions, is without merit.

4. There being evidence adduced before the commissioner, including the report of two physicians made pursuant to an agreement as above indicated, that the claimant had suffered no disability extending beyond the period of seven days of incapacity, which, as provided in section 29 of the workmen's compensation act is not compensable, the award of the commissioner denying compensation was authorized.

5. The superior court did not err in affirming the award.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 29, 1931.

*Ben C. Williford,* for plaintiff.  *T. Elton Drake,* for defendants.