29893.  VINES *v.* STATE OF GEORGIA.

Decided March 19, 1943.

*H. A. Allen, Morgan Belser, Hal Lindsay, Howard, Tiller & Howard,* for plaintiff in error.

*James A. Branch, John A. Boykin, solicitor-general, E. A. Stephens,* contra.

Broyles, C. J. (After stating the foregoing facts.) It appears from the opinion of the judge rendered in the case that his judgment finding Mrs. Vines guilty of contempt of court was based

solely or mainly on the fact that in her amendment of March 9, which was filed after she had learned that the documents in question had been removed from her office by Mrs. Evans, Mrs. Vines failed to inform the court of such removal. It must be kept in mind that said amendment was an amendment of her motion to quash the subpoenas duces tecum as defective and invalid. In other words, her original motion to quash the subpoenas and her amendment thereto were based solely on the ground that the subpoenas were defective and invalid and should for that reason be quashed. The fact that she knew, after the filing of her original motion and before the filing of her amendment of March 9, that Mrs. Evans had removed the documents, had no proper place in the amendment. Such a fact was material to a response to a subpoena duces tecum, *but not to a motion to quash the subpoena;* and Mrs. Vines, on March 17, in her response to the subpoenas, informed the court that the documents had been removed from her office, without her consent or knowledge, by Mrs. Evans.

We are aware of the ruling in *Cobb* v. *State,* 187 *Ga.* 448 (200 S. E. 796, 121 A. L. R. 210), that the power of constitutional courts to define and punish contempts is inherent, and that this authority is not limited by the Code, § 24-105. However, in the case at bar the record fails to disclose any evidence authorizing a finding that the defendant was in contempt of court. The undisputed evidence discloses that Mrs. Evans removed the documents without the consent or knowledge of Mrs. Vines, and that when Mrs. Vines was served with defective (and probably invalid) subpoenas duces tecum, she promptly moved that the court quash them, instead of ignoring them; and that in her *response* to the subpoenas she clearly and fully informed the court how, when, and by whom, the documents in question were removed from her possession. This is a case charging criminal contempt, and criminal contempt involves some "disrespectful or contumacious conduct towards the court." *Davis* v. *Davis,* 138 *Ga.* 8 (1-*b*) (74 S. E. 830). In our opinion the judgment finding the defendant in contempt of court was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*