### 35226. CLARK *v*. STATE OF GEORGIA.

CARLISLE, J. On March 29, 1954, the Superior Court of Dade County issued a rule nisi directed to Sanders Clark to show cause before the court in Dade County Courthouse on April 1, 1954, at 5 o'clock p. m., why he should not be adjudged to be in criminal contempt of the court on the basis of the following affidavit of Roy McBryar: ". . . I was a member of the March term grand jury in and for Dade County, which convened on March 15, 1954, and that during the time the grand jury was in session Sanders Clark approached . . . [me] with ref-

erence to a bill which the grand jury had acted upon, and that on Wednesday, March 17, 1954, immediately upon adjournment of the grand jury for the day and as I was leaving the Dade County Courthouse, I noticed Sanders Clark waiting on the courthouse steps where he mumbled something to me about running the grand jury and something about lies and slander and at that time he hit me and continued to hit me some three or four times, the exact number being unknown to me, and caused the following injuries to me: bursted lip, black eye, sore nose, and cut above the black eye." Clark's motion for a continuance was denied. His general and special demurrers to the affidavit were overruled. Upon his trial he was adjudged in contempt and fined. In the present writ of error he assigns error upon each of those judgments.

1. "The powers of the several courts to issue attachments and inflict summary punishment for contempt of court shall extend only to cases of misbehavior of any person or persons in the presence of said courts or so near thereto as to obstruct the administration of justice." Code § 24-105.

2. Contempt of court may be either civil or criminal (*Davis* v. *Davis*, 138 *Ga.* 8, 74 S. E. 830), and criminal contempt, with which we are here concerned, may be either direct or indirect. *In re Fite*, 11 *Ga. App.* 665 (76 S. E. 397). A direct criminal contempt relates to contumacious conduct, whether by word or deed, committed in the actual presence of the court. An indirect, or constructive contempt, consists of contumacious conduct outside the presence of the court which amounts to an obstruction of the administration of justice. *Townsend* v. *State of Georgia*, 54 *Ga. App.* 627 (187 S. E. 560); *Adams* v. *State of Georgia*, 89 *Ga. App.* 883 (81 S. E. 2d 507).

3. Under an application of the foregoing principles of law to the allegations of the affidavit which formed the basis of the citation for contempt, no sufficient facts are alleged such as to constitute a constructive criminal contempt of the court, as it is not made to appear in what manner Clark obstructed the administration of justice. It does not appear from the allegations of the affidavit that Clark's approaching the affiant while the grand jury was in session "with reference to a bill which the grand jury had acted upon" was in any way irregular or done with improper motive or intent. Further it does not appear from the affidavit that Clark's mumbling "something about running the grand jury and something about lies and slander," two days later after the grand jury had adjourned for the day, and Clark's attack upon the affiant were in any way connected with an effort on Clark's part to influence the action of the grand jury. The trial court, consequently erred in overruling the general demurrers to the affidavit, and this rendered all further proceedings nugatory.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 7, 1954.

*Frank M. Gleason*, for plaintiff in error.
*Earl B. Self, Solicitor-General*, contra.