## 54277. WILLIAMS v. THE STATE.

BANKE, Judge.

The defendant was charged with possession of marijuana, more than one ounce, and with obstruction of officers. A mistrial was declared on the possession of marijuana charge when the jury was unable to reach a unanimous verdict. The defendant was, however, convicted on the obstruction of officers charge and was sentenced to serve 12 months.

1. The defendant was arraigned on March 11, 1977. His pro se motion to suppress evidence was heard on March 23, 1977. The motion was denied and defendant's case was called for trial upon conclusion of the hearing. The defendant's counsel moved for a continuance on the ground that he had just recently agreed to represent the defendant and needed time to prepare his case properly. The trial judge denied his motion, relying on the absence of any legal grounds for a continuance and on the fact that the defendant had waived his right to counsel at arraignment.

The granting of requests for continuance is generally left to the discretion of the trial judge. Code § 81-1419.

This court, however, has the responsibility to review the trial judge's ruling whenever the exercise of that discretion is challenged on appeal. *Fair v. Balkcom,* 216 Ga. 721 (119 SE2d 691) (1961); *Tucker v. State,* 136 Ga. App. 456 (221 SE2d 664) (1975).

While there is no document included in the record which establishes defendant's waiver of his right to counsel (Code Ann. § 2-111), there is no evidence to support an inference that the defendant's waiver was anything other than knowing and voluntary. See Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1938); Faretta v. California, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975). The trial judge stated that he offered to appoint a lawyer to represent the defendant, but that he declined this representation. Despite his valid waiver, the defendant was not precluded from changing his mind about proceeding pro se before trial and at his own expense retaining counsel to conduct his defense, provided the change was not made solely for purposes of delay. See generally Chapman v. United States, 553 F2d 886 (5th Cir. 1977); *Taylor v. Ricketts,* 239 Ga. 501 (238 SE2d 52) (1977). Thus, the major issue before the court on appeal is whether defendant's counsel was then entitled to additional time in order to prepare for trial.

In reviewing denials of motions for continuance, we are guided by the standard of the Supreme Court that "[u]ndue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between the two extremes." *Harris v. State,* 119 Ga. 114, 115 (45 SE 973) (1903); *Fair v. Balkcom,* 216 Ga. 721, 726, supra. Our decisions must be made on a case-by-case basis after reviewing the particular facts at hand.

In this case, the record shows that on March 22 the defendant's counsel requested the judge's permission "to sit with Mr. Williams and represent him" although he did not sign as attorney of record until March 23. The record also shows that when defense counsel's motion for continuance was denied, he entered the following facts into the record: that at the time the defendant requested a date and time for a hearing on his motion to suppress, that Mr. Hind in the district attorney's office informed them

(apparently counsel had accompanied defendant although he had not yet begun his official representation) ". . . that although Mr. Williams had received a letter stating that the case would be tried on Wednesday, that the case would, in fact, be tried on a Thursday because of . . . [other cases]."

Defense counsel further stated that when the hearing was set for Wednesday morning at 8:30, the defendant was present and counsel was prepared; but that they were not prepared for trial on Wednesday because the defendant's primary witness was not present since they had relied on the (alleged) representations of the district attorney's office that trial would be held on Thursday.

Upon inquiry by the trial judge, Loring Gray, the assistant district attorney handling this case, stated that he had not told the defendant anything about the case being tried one day late, that there was no commitment that the case be tried on a date other than its calendar date, and that he had not communicated with the defendant's counsel as he had no knowledge that defendant had retained counsel.

The record does not establish the length of defense counsel's prior association or the extent of his participation, and there is no indication in the record of any involvement on his part prior to March 22. Compare with *Holsey v. State,* 235 Ga. 270 (219 SE2d 374) (1975).

Counterbalancing the court's duty to insure that the defendant is not brought to trial with unnecessary haste and with possible prejudice to his defense is our obligation to prevent defendants from trifling with the operation of the trial courts in an attempt to obtain delay or some other perceived advantage. For this reason, this court will find the denial of requests for continuance in situations such as this to be error only with great reluctance.

However, upon consideration of all the facts in this case, including the apparent confusion of both the defendant and his counsel as to the date when his case would be tried and the inconclusive evidence as to the extent of defense counsel's prior involvement, we must find that the denial of the motion for continuance under the circumstances of this case was error.

2. Because of our decision in Division 1, it is not necessary for us to consider appellant's remaining two enumerations of error.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

Submitted September 14, 1977 — Decided November 15, 1977 — Rehearing denied December 20, 1977.

*B. T. Edmonds,* for appellant.

*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney,* for appellee.