## 58477. IN RE BROOKINS.

QUILLIAN, Presiding Judge.

The appellant attorney, Mr. Brookins, was held in contempt of court during his representation of a criminal defendant. He was sentenced to 10 days in jail and to payment of a $975 fine, whereupon he filed this appeal. The lower court declined to set an appeal bond, making it necessary for this court to grant supersedeas in order to prevent the appeal from becoming moot before it could be decided.

Mr. Brookins was employed by Randy Chatham to represent him in an armed robbery case. (Indictment No. 3816.) One week later he learned the defendant had subsequently been indicted on a drug charge. (Indictment No. 3841.) On the following day he appeared before Judge Knight for arraignment of the defendant on both charges. The state was represented by Mr. Lee, District Attorney. "Mr. Lee: Yes, sir. I would like to set the drug case first for Monday. The court: Ready, Mr. Brookins? Mr. Brookins: No." Mr. Brookins requested a continuance to prepare motions for the drug case. The court ruled: "Case 3841 [drug case] set for Wednesday morning at 9:00 o'clock . . . How about the armed robbery? Mr. Lee: Set it for Thursday, 9:00 o'clock. Mr Brookins: Judge, could I please

not try the two cases back to back? The court: We won't do that."

The trial calendar was called before Judge Jackson on March 19, 1979. Mr. Brookins stated: "For some reason the District Attorney asked that the drug case be tried first and I got a commitment from Judge Knight that I wouldn't be required to try the cases back to back. So, I have prepared for trial the drug case." Mr. Kam — the assistant district attorney, stated: "They're not going to be tried back to back. We're taking them in order as they are on the trial calendar and the drug case is first, and we're prepared to try the drug case first. The court: Alright. We'll take it, do it that way then the way it's on the calendar. Mr. Brookins: My understanding now is that I can't try and prepare and, prepare two cases at the same time? Mr. Kam: That's correct. There was a promise made from the bench that he would not have to try them back to back."

On March 22, 1979, Mr. Brookins appeared for Chatham's trial, but Mr. Lee sounded the armed robbery case for trial. Mr. Brookins stated: "Judge, Mr. Chatham was charged with two felonies. At the call of the calendar, the district attorney asked that the drug case be tried first and it was agreed, and unless that would be the first case tried and I have my witnesses and my motion. Everything has been done in the drug case. Mr. Lee: I didn't agree to any such thing." Mr. Brookins explained: "Judge, I've got the witnesses subpoenaed for one case because the district attorney told me that I had to try it. Now, you've told me that — The Court: You know, I'm getting ready to put you in jail. I've done heard enough. You open your mouth one more time to this Court, and you are going to jail."

After the jury was selected, Mr. Brookins stated: "Judge, with all due respect to the Court, in order for Randy Chatham to have an effective assistance of counselling from me, to defend him against this serious charge [Armed robbery — life imprisonment authorized] I need to protect the record, and I beg the Court to allow me a moment to do that. The Court: What is it you are talking about, Mr. Brookins? . . . Mr. Brookins: Judge, the district attorney has had me to prepare out of context a defense in a drug case which I have several witnesses here and

prepared. Now, at the last moment, has — he said I've got to try a case that I'm not prepared to try. I need to perfect the record . . . The Court: Well, you've perfected the record all you can, or you can sit down and try the case. Do you understand it? Mr. Brookins: Yes sir. I cannot try the case at which time I'm not prepared to try it. I'm prepared to try another case that Mr. Lee insisted upon for me to be prepared. Mr. Lee: Your Honor, please, he is not telling the truth, telling the Court the truth. That's not right . . . The Court: We don't give lawyers special privileges in this Court. We try the case. They're supposed to come up here prepared. You're the one that came down in this Circuit and have collected or have accepted a fee to represent this man. I didn't do it . . . Mr. Lee: If your Honor, please . . . Is the Court going to run the Court, or is he going to run the Court? . . . Mr. Brookins: (Responding) Judge, in all due respect to the Court, I have to respectfully insist that I perfect the record in order for Randy Chatham's rights to be preserved. The Court: Alright . . . Mr. Brookins: The district attorney announced that the case, the drug case, would be tried first . . . Mr. Lee: That's not true. I state in my place that's not true . . . Mr. Brookins: I have eight (8) witnesses in the drug case that are here . . . I have two of the doctors here, two doctors, and I am prepared to try that case. It comes as a surprise to me. I do not have my briefs. I don't have my instructions to the Jury. I don't have my subpoenas out. I'm totally unprepared to try the armed robbery case. I don't know why at this late moment that Mr. Lee has changed his mind." "The Court: You've said enough . . . Now I'm overruling your motion. You have a seat right there and let the jury come back. Mr. Brookins: (Pausing). The Court: I'm warning you now, one more argument to this Court, I'm going to hold you in contempt. You're going to go to jail. And, you're going to conduct yourself like you ought to be. Do you understand? Mr. Brookins: Yes sir. The Court: I've done put up with you all I want to. Is there anything else you want to say? Mr. Brookins: (Pausing). The Court: Alright, Let the jury come back. Mr. Brookins: (Pausing). Judge, I just can't carry on this case." The court then held counsel in contempt.

While in full support of the inherent power (*Atlanta Newspapers v. State of Ga.*, 216 Ga. 399 (1) (116 SE2d 580))

and statutory authorization of a trial court to summarily punish for contempt acts of attorneys committed in their presence which are in violation of Code Ann. § 24-105 (See *Crudup v. State,* 218 Ga. 819 (130 SE2d 733)), under the totality of the circumstances of this case the finding of criminal contempt can not be approved.

Under Code Ann. § 24-105, the power of the court to punish for contempt "shall extend only to cases of misbehavior of any person or persons in the presence of said courts or so near thereto as to obstruct the administration of justice . . ." Our appellate courts have also held that Code Ann. § 24-105 does not restrict the inherent power of the court to punish for contempt, but "criminal contempt involves some 'disrespectful or contumacious conduct towards the court.' *Davis v. Davis,* 138 Ga. 8 (1-b) (74 SE 830)." *Vines v. State,* 69 Ga. App. 175, 177 (24 SE2d 864); *Clark v. State,* 90 Ga. App. 330 (2) (83 SE2d 45); *Farmer v. Holton,* 146 Ga. App. 102 (245 SE2d 457). It is clear that the alleged contemnor's conduct did not violate the proscription of Code Ann. § 24-105. The contemnor's deportment was at all times courteous and respectful. Conversely, he was threatened with confinement early in the proceedings without any showing of contempt. He was, contrary to the record before us — referred to by the district attorney as failing to state the truth — on more than one occasion.

The defendant was entitled to have his case called in the proper order — i.e. the armed robbery case first and then the drug case (Code Ann. § 27-1301 (Code § 27-1301)) but the record shows: at the arraignment Mr. Lee, district attorney, stated that he wanted to try the drug case first out of order; the defendant then requested that the cases not be tried "back to back"; the court then agreed to the defendant's request that he would not have to try the two cases back to back; on March 19, 1979 when the calendar was called this arrangement was confirmed by the assistant district attorney and the court.

The defendant then went to court on March 22 with direction from the court and the district attorney's office that the drug case would be tried on that date. When the defendant appeared for Chatham's trial the district attorney sounded the armed robbery case for trial. The

defendant then stated that he was totally unprepared to try the armed robbery case and when he attempted to explain to Judge Jackson — what the record clearly shows, he was threatened with contempt and the district attorney stated that the defendant was not telling the truth. Further, the trial court after a second threat of a contempt citation, asked him if "there was anything else you want to say?" The record shows Mr. Brookins paused and then responded. For his reply he was held in contempt.

The finding of an abuse of the discretionary authority of the trial court has several bases. First, the attorney was at all times courteous and respectful of the bench. Second, the court invited the comment he received which formed the basis for the citation. Third, we do not view the statement by counsel: "Judge, I just can't carry on this case," as being solely a refusal to proceed, but it can easily be interpreted to mean that under the circumstances counsel could not provide effective representation to a criminal defendant when he is without his brief, his requests to charge and his witnesses, and was legally surprised by the court and the district attorney suddenly reversing their previous directions to him.

Our Supreme Court has remarked that they "commend the zeal and fidelity with which [their] brethren of the Circuit Bench resist unnecessary delays in the administration of penal justice . . . but we know that this zeal may become a virtue in excess, and it is our bounden duty, so far as in us lies, to see that even an honest and enlightened zeal in the public service shall not precipitate the trial of a case whilst '*the principles of justice require a postponement.*' " *Maddox v. State,* 32 Ga. 581, 584-585; *Hobbs v. State,* 8 Ga. App. 53 (2) (68 SE 515).

This court recently decided a similar issue in a case in which a defendant had recently hired counsel and " 'that although [the defendant] had received a letter stating that the case would be tried on Wednesday, that the case would, in fact, be tried on Thursday because of . . . other cases.' " *Williams v. State,* 144 Ga. App. 410, 412 (241 SE2d 261). We held: ". . . upon consideration of all the facts in this case, including the apparent confusion of both the defendant and his counsel as to the date when his case

would be tried and the inconclusive evidence as to the extent of defense counsel's prior involvement, we must find that the denial of the motion for continuance under the circumstances of this case was error." Id. See also *Spillers v. State,* 145 Ga. App. 809 (245 SE2d 54) and special concurrence at 811. In *Bacon v. State,* 146 Ga. App. 468 (246 SE2d 475), we adopted the concurring opinion of *Spillers,* stating "that if the fault in nonrepresentation lies with the defendant" he would not be entitled to a continuance, but if "[w]e cannot say with any certainty that the fault of nonrepresentation [inadequate representation in the instant case] lay with the defendant" then we should reverse. Id.

Counsel has the right and the duty to prepare for the case that the court and the district attorney directs will be tried. See *Seals, Armour & Co. v. Stocks,* 100 Ga. 10, 13 (30 SE 278); *Langston v. Maryland Casualty Co.,* 43 Ga. App. 854 (1) (160 SE 823). Conversely, the district attorney is not required to proceed to trial if he is not ready — even if the case is called in its proper order. *Duffey v. Harris,* 19 Ga. App. 646 (4) (91 SE 1006). If the district attorney may decline to proceed, why is the defendant denied the same right? It is obvious that our law holds he must move for a continuance — for good cause shown. Code Ann. § 27-2002 (Code § 27-2002). Good cause was shown — counsel had been misled by rulings of the court and the statement of the district attorney that he would try a case out of its proper order. See *Spillers v. State,* 145 Ga. App. 809, supra. If the counsel for defendant had proceeded with the trial of the armed robbery, with any lesser resistance it is conceivable that had a conviction occurred the state could argue that counsel for the defendant acquiesced in rescheduling the trial.

One further reason exists for reversal. "It is essential to constitute a contempt that the thing ordered to be done be within the power of the person against whom the order is directed." 17 CJS 48, Contempt, § 19; 17 AmJur2d 53, Contempt, § 51. "This inability to comply would have been ground of defense before the judgment of contempt . . ." *Littlefield v. Town of Adel,* 151 Ga. 684, 694 (108 SE 56). It is evident counsel was unprepared for effective representation of the defendant in the case suddenly

called for trial and was physically, legally, and mentally unable to proceed to trial.

In sum, all parties were under a misapprehension. Counsel had the obligation to appear for, and was prepared to try — the case previously directed to be tried by the court — not the case suddenly called without prior notice of the change — by the district attorney. The procedure followed by court and district attorney was fundamentally unfair, and imposition of a citation for contempt was an abuse of discretion under the totality of the circumstances, where all fault was upon the court and the district attorney, and counsel had been misled — but was at all times respectful and courteous and his remark which precipitated the citation was in response — albeit late, to a request of the court and was susceptible of multiple meanings — some of which were not in contravention of the court's order.

*Judgment reversed. McMurray, P. J., and Banke, J., concur specially.*

ARGUED SEPTEMBER 25, 1979 — DECIDED JANUARY 15, 1980.

*Ernest D. Brookins,* for appellant.
*William F. Lee, Jr., District Attorney, Marc E. Acree, Assistant District Attorney,* for appellee.

BANKE, Judge, concurring specially.

The basis of the appellant's contempt citation was evidently his refusal to proceed with the trial of the case following the denial of his motion for continuance. I concur in the reversal of the trial court's judgment only because, on the record before us, it is unclear that this is in fact what the appellant did or what he intended to do. In view of the high degree of confusion surrounding the case and particularly in view of the fact that the appellant was misled as to which case would be tried first, his statement, "Judge, I just can't carry on this case," may simply have been an expression of exasperation rather than a refusal to proceed. Had the trial court asked the appellant at this point whether he was refusing to proceed and had the appellant responded affirmatively, then, in my opinion, a

citation for contempt would not only have been authorized, it would have been absolutely necessary in order to protect the court's inherent power to conduct the proceedings properly before it.

I am authorized to state that Presiding Judge McMurray joins me in this special concurrence.