## HUNT *v.* THE STATE.

ATKINSON, J.   Where an attorney is appointed by the court to defend a person accused of a felony, the court should allow him a reasonable time for the preparation of the defense, and where a motion for such time is made and refused, and the case is close and doubtful on the facts, justice requires that a new trial should be granted.

*Judgment reversed.   All the Justices concurring.*

Argued April 19, — Decided May 5, 1897.

Indictment for assault to rape.   Before Judge Butt.   Chattahoochee superior court.   September term, 1896.

*C. C. Minter, E. T. Hickey* and *H. V. Hargett,* for plaintiff in error.   *S. P. Gilbert, solicitor-general,* contra.

---

## RICHARDS *v.* THE STATE.

SIMMONS, C. J.   1. While upon the trial of a criminal case it is ordinarily the duty of the judge, whether requested to do so or not, to give in charge to the jury the rule respecting the degree of certainty required to sustain a conviction where circumstantial evidence is alone relied upon, yet where the evidence even though circumstantial is full and satisfactory, without serious conflict, and clearly shows the guilt of the accused, a failure to so charge will not require the grant of a new trial.

2. The evidence not only authorized the verdict, but the one rendered is the most favorable that could have been rendered consistently with the evidence and the right inferences deducible therefrom.

*Judgment affirmed.   All the Justices concurring.*

Submitted April 19, — Decided May 5, 1897.

Indictment for murder.   Before Judge Hart.   Baldwin superior court.   January term, 1897.

*D. B. Sanford* and *Roberts & Pottle,* for plaintiff in error.

*H. G. Lewis, solicitor-general,* by *Anderson, Felder & Davis,* contra.