22905. MATHEWS v. MATHEWS.

SUBMITTED APRIL 12, 1965—DECIDED MAY 18, 1965—
REHEARING DENIED JUNE 1, 1965.

*Oze R. Horton,* for plaintiff in error.

GRICE, Justice. A father complains of a judgment remanding custody of his minor children to his sister.

John Joseph Mathews' habeas corpus petition against Ruby Leon Tena Mathews, filed October 29, 1964, in the Superior

Court of Clayton County, made the essential allegations which follow. He is the father of three named children, whose custody was awarded to the sister, at the time of the grant of a divorce to the parents, by judgment of the same court dated July 18, 1963. That judgment recited that "temporary custody" of the children was placed with the sister "until further order and investigation by the court," and the father was given specified visitation rights. Certain changes of circumstances since such judgment require a change of custody, to wit: the sister's cruelty, neglect, abuse and cursing of the children; her denial to the father of his visitation rights; and her efforts to withdraw from the children their love for him. He has a good home to furnish the children and has ample earnings to support them. He has not lost, surrendered, or forfeited his right under law as the father of the children to their custody, and their welfare and interest require that they be awarded to him.

Following a hearing, the trial judge denied the father's application for writ of habeas corpus, thus remanding the children's custody to the sister. Error is assigned upon that judgment.

■ The judgment in the former suit, although termed as "temporary custody" and reciting "until further order and investigation by the court," was a final one. *Burton v. Furcron,* 207 Ga. 637 (63 SE2d 650); *Anthony v. Anthony,* 212 Ga. 356 (92 SE2d 857); *Stanton v. Stanton,* 213 Ga. 545 (4) (100 SE2d 289, 66 ALR2d 1401) (one Justice concurring specially).

■ That judgment, adverse to the father and unreversed, is controlling here. In a similar situation it was held that "Where the trial court awarded custody of a minor child to the grandmother at the time of the grant of a divorce to the parents, such an award fixed the legal right to the custody of the child in the grandmother. That award is res judicata on the facts then existing, and thereafter the trial court may exercise a discretion as to who should have custody of the child only so far as there are new and material conditions and circumstances which substantially affect the interest and welfare of the child. [Citation.]" *Young v. Pearce,* 212 Ga. 722 (4) (95 SE2d 671) (one Justice not participating).

■ Here, the evidence upon the hearing as to the matters

■

82

relied upon by the father as changes in conditions and circumstances was in sharp conflict, and amply supported the trial judge's order in favor of the respondent sister.

*Judgment affirmed. All the Justices concur.*