## 25624. DeLONG v. DeLONG.

UNDERCOFLER, Justice. Billy Bryson DeLong filed a complaint in the nature of habeas corpus against Marcelle Berry DeLong seeking the custody of the minor child of the parties for the visitation periods provided in the divorce decree. The divorce decree of May 1968 provided that the mother would have custody of the minor child and the father would have the right to have the child on the first and third weekends of each month and for one week during the summer vacation months.

The evidence showed that the mother had allowed the child to visit with the father for only one six-hour period from May 1968 until September 9, 1969. The father had made repeated efforts to exercise his visitation privileges. The mother testified that she did not care if the father saw the child but she "did not want him to go with strangers. He came for the baby, but I would not let him have him. I said he could have him for the day, but he could not keep him overnight . . . I don't care if he comes to the house to see Mark. He can come to my house to see him if he wants to, but he cannot have him overnight."

The trial judge remanded the custody of the child to its mother and provided that the father could have the child visit him on the first and third Saturdays in each month from 1 p.m. to 6 p.m. and that he could have the child for the third week in July. The father appeals from this judgment. *Held:*

1. The trial court did not abuse its discretion in remanding custody of the minor child to the mother. There is no merit in this enumeration of error.

148

2. The appellant contends that the trial court erred in modifying and changing the original order made in the divorce decree and in not remanding custody of said child to him for the periods of time set forth in the original order.

"A decree awarding custody of a child in a divorce case is conclusive as between the parties to such decree, unless a change in circumstances affecting the welfare of the child is shown." *Brooks v. Thomas,* 193 Ga. 696 (1) (19 SE2d 497); *Perry v. Perry,* 212 Ga. 668 (2) (95 SE2d 2). Under the evidence presented, no material change in conditions substantially affecting the welfare of the child was proved. The evidence showed only that the mother refused to allow the visitation privileges fixed by the divorce decree. Therefore, the trial court had no power to modify the original custody award by limiting the father's visitation privileges from the first and third week ends of each month to the first and third Saturdays of each month between 1 p.m. and 6 p.m. *Winburn v. Harrington,* 223 Ga. 488 (156 SE2d 44); *Hirsh v. Dobb,* 224 Ga. 130 (3) (160 SE2d 386); and *Smith v. Smith,* 225 Ga. 241 (1) (167 SE2d 597).

The trial court is directed to strike from its order the change in the visitation privileges of the father limiting his vistation rights to the first and third Saturdays of each month between 1 p.m. and 6 p.m. and is directed to remand custody of the child to him for the periods of time set forth in the original order.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*

ARGUED JANUARY 14, 1970—DECIDED FEBRUARY 5, 1970— REHEARING DENIED FEBRUARY 19, 1970.

*Eva L. Sloan,* for appellant.
*Gardner & Peugh, Milton F. Gardner,* for appellee.

