## 28442. TAYLOR v. TAYLOR.

ARGUED JANUARY 14, 1974 — DECIDED FEBRUARY 18, 1974.

*Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellant.
*Carlisle & Chason, Edwin A. Carlisle,* for appellee.

GRICE, Presiding Justice. This appeal is from an order entered in an action in the nature of a habeas corpus proceeding seeking the change of custody of minor children. The action was by Thomas Paul Taylor, the father of the children, against Frances Grubbs Taylor, their mother, in the Superior Court of Grady County.

The father's complaint alleged in essence that subsequent to the decree of September 19, 1972, granting a divorce to the parties and awarding custody of the children to the mother with certain visitation rights to the father, there have been many changes in conditions affecting the welfare of the children. These were essentially alleged to include the mother's physical violence when the father attempted to exercise his visitation rights, threats in the children's presence, removing the children to another county against the children's wishes, conducting a hate campaign against the father in the presence of the children, and impossibility of further visitation because she will not allow anyone else to pick up the children.

The mother's answer denied the foregoing and other essential allegations, asserted that the father was not entitled to custody of the children, that their removal was beneficial to them for stated reasons and that there has been no change in condition since the original decree that would justify the court in removing them from her.

A hearing was conducted and the trial court entered an order which was in substance as follows: "The above stated matter coming on to be heard on [named date] relative to changes in conditions affecting the welfare of the minor children of the parties, and after hearing all evidence from both sides and same considered by the court; the court reserving until a later date its decision relative to the changes in conditions affecting the welfare of said minor children authorizing the court to change or revise

the custody of said minor children of the parties.

"The parties hereto and their attorneys having consented and agreed in open court to the hereinafter visitation scheduled adjustments and to abide by and be bound by the following:"

The order provided that the father shall have the two children involved visit with him every other weekend as therein defined. It established for such visitations a procedure for picking up and return of the children at Shellman, Georgia, a halfway point between the residences of the parties. It also recited that during the summer the father shall have one of the children visit with him for two three-week periods and the other child for two four-week periods. It also allowed the father to deduct from support payments in accordance with the original decree.

It concluded with "So ordered," giving the date.

The appeal is from this order and presents three enumerations of error.

The appellee has filed a motion to dismiss the appeal which will be hereinafter dealt with.

■ The first enumeration of error is that "The court erred in including a provision in its order that it reserved until a later date a decision relative to the changes in conditions affecting the minor children and attempting to reserve the right to change or revise custody."

We have concluded that this enumeration of error is valid.

The record now on file in this court manifests a conscientious effort on the part of the able trial judge to eliminate, or at least to minimize, the difficulties then existing between the parties as to custody, and particularly as to the visitation problems.

However, what he attempted to do was not authorized by law.

As shown above, the order, after reciting a hearing relative to changes in conditions affecting the welfare of the children and a consideration of the evidence from all sides, stated that the court reserved "until a later date its decision relative to the changes in conditions affecting the welfare of said minor children authorizing the court to change or revise the custody of said children."

It is clear to us that by the foregoing provision the trial court undertook by a temporary order in a habeas corpus proceeding brought by the father against the mother, seeking to change the previous decree because of material changes in circumstances, to reserve jurisdiction for possible changes and revisions of custody at some indefinite future time.

This court has many times held that an award of custody in

divorce cases is a final judgment and that any attempt by the trial court to retain jurisdiction for further orders regarding custody is a nullity and will not divest the award of its finality. See in this connection, *Burton v. Furcron,* 207 Ga. 637 (63 SE2d 650); *Goodloe v. Goodloe,* 211 Ga. 894 (89 SE2d 654) (one Justice not participating); *Mathews v. Mathews,* 221 Ga. 80 (143 SE2d 170). For a collection of cases on this subject see West, Georgia Digest, Divorce, § 302.

While no decision involving a habeas corpus proceeding has been called to our attention, the same rule should apply to habeas corpus where the issue of custody is likewise before a trial court. The reasons are all the more impelling that the issue in a habeas corpus case be determined forthwith rather than by deferment such as here.

Therefore we must treat as a nullity the provision in the order attempting to retain jurisdiction.

■ The second enumeration of error is that the court erred in entering the order complained of.

In dealing with this enumeration we must, in view of the ruling in the preceding division, treat the order without reference to the portion there dealt with, and determine whether there was any legal basis for making the modification as to visitation rights.

It is apparent that the trial court was endeavoring to provide a workable basis for visitation, particularly in view of the removal of the mother and children as aforesaid.

The result of this modification was that the father was awarded broader visitation rights and that the mother was required to deliver and pick up the children at Shellman, Georgia, the approximate halfway point betweeen residences.

In examining the transcript of evidence we have concluded that the father has failed to show any change of circumstances and conditions substantially affecting the welfare of the children.

In essence the father's complaint is that the mother did not cooperate with him in the visitation plan embodied in the original decree. He makes no contention that her character, habits or conduct have changed since then, or that the home in which she is rearing the children has changed for the worse and is contrary to the welfare of the children.

This court has uniformly held that this does not measure up to the rule required for changing custody. See *Winburn v. Harrington,* 223 Ga. 488 (156 SE2d 44); *DeLong v. DeLong,* 226 Ga. 147 (2) (173 SE2d 213); *Osborne v. Osborne,* 227 Ga. 235 (179 SE2d 776). See also

West, Georgia Digest, Divorce § 303 (2). Therefore the order was not authorized.

■ The third enumeration of error asserts that "The court erred in including in its order a provision that the same was consented and agreed to."

As recited above, the order states that the parties and attorneys had consented and agreed in open court to the modified visitation rights and to abide by and be bound by the changed provisions made in the order. From the record it is apparent that there is disagreement as to whether an agreement was actually entered into. However, even if there was such an agreement, it could not confer jurisdiction upon the court to enter this order. *Goodloe v. Goodloe,* 211 Ga. 894, 897, supra.

■ The motion to dismiss the appeal must be denied.

The ground relating to absence of the transcript of evidence at the hearing is not meritorious since it is now on file with this court.

Furthermore, the contention that there is no final judgment in this case and no certificate for immediate review is not valid in view of the ruling in Division 1 as to the finality of the order involved here.

*Judgment reversed. All the Justices concur.*