## 51204. FOOTE v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was indicted in the Superior Court of Madison County on February 18, 1974, for the offense of aggravated assault. He did not live in the county and was arrested in Atlanta, Georgia, on Monday, February 24, and brought to Danielsville that afternoon. According to his counsel, "He was brought here and was able to contact his family on Tuesday. They contacted me late Tuesday afternoon, and I was here last night [Wednesday], my first opportunity to talk with him. I have not had an opportunity to talk with any witnesses in this case, to investigate the case or to prepare a proper defense on his behalf." The motion was made Thursday morning, February 27, upon the call of the case for trial. Counsel also specified a possible witness whose name appeared on police reports and whom he had not had time to interview. The court denied the motion, stating that he had on Monday appointed the public defender to represent the defendant. Whether this attorney was present and whether he had made any investigation or trial preparation does not appear. We assume from suggestions in the skimpy record before us that the defendant was not admitted to bail and that the employment of counsel was effectuated by members of the family on Tuesday, the afternoon of the same day they were notified of the arrest.

Where it affirmatively appears that the possible time for investigation and preparation of the defense is short, and the defendant has not been dilatory in obtaining counsel, the discretion of the court on motions for postponement should be liberally exercised in favor of a fair trial. *Cartee v. State,* 85 Ga. App. 532 (69 SE2d 827). Due process requirements guarantee to a defendant unable to employ counsel the right to have counsel appointed by the court, but no less do they entitle an accused who is able to employ counsel a reasonable opportunity to obtain representation of his choice, and he is not compelled to accept court appointed defenders instead of an attorney in whom he reposes greater confidence merely to speed his trial by a day or two. "Where a defendant charged with crime is detained in

custody, and is in effect . . . deprived of opportunity to procure counsel of his own choice, and is forced to trial with counsel appointed by the court, and his motion to postpone the trial so as to permit him to communicate with his family in order to procure counsel is overruled, the provisions of the constitution and of the Code, § 27-403, are violated." *Walker v. State,* 194 Ga. 727 (22 SE2d 462). The mere obtention of counsel, without giving him time to acquaint himself with the case and subpoena witnesses, is an empty right. "The constitutional guaranty of benefit of counsel to one charged with an offense against the laws of this State means something more than the mere appointment. Such counsel is entitled to a reasonable length of time to prepare properly his defense." *Smith v. State,* 215 Ga. 362 (1) (110 SE2d 635). Here, the defendant was in jail. His family obtained counsel within twenty-four hours. The attorney employed had no opportunity to talk with him until the following evening. He announced not ready for trial the next morning. It was error not to grant a postponement under these circumstances.

2. The remaining enumerations of error are not passed upon since they are unlikely to recur.

*Judgment reversed. Evans and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 29, 1975 — DECIDED OCTOBER 23, 1975.

*William D. Smith,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.