### 51513. WARE v. THE STATE.

CLARK, Judge.

This is an appeal from a revocation of probation. On December 9, 1974, defendant was placed on twelve months probation upon his entry of a plea of nolo contendere to a charge of driving under the influence of intoxicants. Thereafter, on June 24, 1975, defendant was again arrested upon a DUI charge. A petition for revocation of probation was served and a hearing was conducted on the matter. The court ruled defendant had violated the terms of his probation and entered judgment

revoking said probation. This appeal followed. *Held:*

1. Defendant seeks a new trial on the ground that he was not afforded a preliminary hearing in conformance with Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) and Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 665). The former case ruled that parolees are entitled as of right to due process before revocation. Gagnon v. Scarpelli, supra, applied that requirement to probationers.[1] In these cases the United States Supreme Court held application of due process to parolees and probationers warranted both a preliminary and a final revocation hearing.

In Georgia we have provided for a preliminary hearing for parolees under the 1975 Ga. L. 786, 787, contained in the Annotated Code Supplement of § 77-518.1.

Contrary to the views[2] expressed in 1854 by Justice Benning in *Padelford v. Mayor &c. of Savannah,* 14 Ga. 438, we recognize our obligation to comply with the mandates of our nation's supreme judicial tribunal. Such compliance, however, does not necessarily require uniform procedures throughout all fifty states. This fact is recognized by the Supreme Court in Morrissey v. Brewer, supra, where the court stated (p. 488) that "we cannot write a code of procedure; that is the responsibility of each state. . . Our task is limited to deciding the minimum requirements of due process." The opinion of the court then spelled out those elements that must be provided to satisfy constitutional due process for revocation hearings. The court divided these details into two phases, a preliminary hearing and a final trial.

---

[1]Justice Douglas pointed out in n. 6, p. 497 in Morrissey v. Brewer, 408 U. S. 471, that "Parole is used after a sentence has been imposed while probation is usually granted in lieu of a prison term."

[2]"The Supreme Court of Georgia is co-equal and co-ordinate with the Supreme Court of the U. S.; and therefore, the latter cannot give the former an order or make for it a precedent." 14 Ga. 439 (7).

Since all of these due process requirements can be satisfied in a single court trial as was done in the instant case, we see no reason for duplication in the form of a preliminary hearing. The Supreme Court's directives are met and a probationer's constitutional rights are fully protected through a single dispositional hearing where, as here, the procedure included these successive steps: (1) a petition filed by the probation supervisor in the court where the original probation sentence has been entered; (2) such petition reciting (a) details of the original trial including nature of the offense, defendant's plea, the court's sentence and date thereof with a copy of the terms and conditions of the probation sentence; (b) specificity as to alleged violations of the probation conditions; (c) prayer for citation, petition for revocation and for a rule to show cause; (3) consideration of the petition by trial judge and his entry of an order requiring service of a copy of the petition and a show cause ruling for a specified date, time and place in open court; (4) service of the petition and court order; (5) a full fledged hearing in accordance with Code Ann. § 27-2713; and (6) a judicial determination in writing by the court stating the particulars in which the terms of the probation had been violated and a recital as to the specific term that remains to be served.

Accordingly, we hold that there was no error in denying probationer a preliminary hearing prior to a final disposition trial as all due process requirements were here satisfied.

2. The trial court correctly overruled defendant's motion to suppress the testimony by the officers which motion was based on an allegedly unlawful arrest. Whether the detention was lawful or unlawful, the testimony was derived solely from events which preceded the arrest and can not therefore be construed as a fruit of the alleged illegality. See generally Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441). This enumeration is therefore without merit.

3. Another enumeration avers as error the refusal of the trial judge to grant appellant's counsel a continuance for one day to allow time to prepare the appellant's defenses. At the call of the case appellant's attorney announced that he had just been retained and needed

time for investigation and preparation. The court observed that the probationer had known of the trial assignment for six days and therefore declined to grant the request although he recessed the hearing for one hour.

"While the time for preparation of such a case is generally a matter for the discretion of the trial judge, reviewing courts, when called upon, have to review the exercise of that discretion. The theme which runs through [the adjudicated decisions] is that 'Undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between these two extremes.' [Cit.]" *Fair v. Balkcom,* 216 Ga. 721, 726 (119 SE2d 691).

Under the facts of the instant case, we regard the denial of the instant continuance motion as error. See *Brown v. State,* 134 Ga. App. 771 (216 SE2d 356); *Foote v. State,* 136 Ga. App. 301 (220 SE2d 786); and *Tucker v. State,* 136 Ga. App. 456 (221 SE2d 664).

4. Defendant contends that the evidence was insufficient to support the finding that he violated the terms of his probation. The evidence supporting the revocation petition consisted solely of testimony to the effect that defendant's truck swerved into a ditch and that defendant appeared "glassy eyed" and "unsteady" when he got out of his vehicle. An intoximeter test revealed a blood-alcohol content of .02 percent, well below the amount from which it is to be presumed that a person is *not* under the influence of alcohol. See Code § 68A-902.1 (b) (1). The state nevertheless urged that defendant's physical appearance showed intoxication by an unknown drug or narcotic substance.

Defendant testified he had been drinking the previous night and had slept less than four hours. He denied being under the influence of alcohol or drugs on the morning of his arrest. He asserted that the swerving of his ten-year-old vehicle was due to a loose steering wheel, the existence of which was substantiated by testimony from defendant's father. Defendant further contended that his glassy-eyed, unsteady appearance was due to lack of sleep or fatigue conditions which, by the testimony of the arresting officer, might equally have been the cause of

defendant's physical characteristics. We are of the opinion that the trial judge erred in his ruling that the evidence was sufficient to show intoxication "from some cause" other than alcohol.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JANUARY 12, 1976 — DECIDED FEBRUARY 17, 1976.

*M. Francis Stubbs,* for appellant.
*B. Daniel Dubberly, Solicitor,* for appellee.