## 32011. BUCK v. BUCK.

Nichols, Chief Justice.

The appellant-husband appeals from a final divorce decree awarding his wife custody of their 18-month-old child "until such time as the said child reaches the age of 30 months," at which time psychological evaluations of both parties and the child are to be submitted to the court for a determination of which one gets "permanent custody thereafter." The issues of alimony and property division remain to be tried. The case is before this court on interlocutory appeal.

1. Appellant contends that the trial court's attempt to require a re-evaluation of the custody issue when the child reaches the age of 30 months is an invalid attempt to retain jurisdiction of the matter and asks that the issue be remanded for redetermination. This court has repeatedly held that: " 'A judgment fixing the custody of a minor child of divorced parents is a final one on the facts then existing, and any attempt by the trial judge to retain jurisdiction of the child is a nullity.' *Perry v. Perry,* 212 Ga. 668 (1) (95 SE2d 2) (1956); *Hanson v. Stegall,* 208 Ga. 403 (1) (67 SE2d 109) (1951); *Evans v. Allen,* 212 Ga. 193 (1) (91 SE2d 518) (1956); *Martin v. Hendon,* 224 Ga. 221 (1) (160 SE2d 893) (1968); *Bragg v. Bragg,* 224 Ga. 733 (1) (164 SE2d 560) (1968); *Taylor v. Taylor,* 231 Ga. 742, 743 (1) (204

SE2d 129) (1974)." *Simpson v. Moon,* 238 Ga. 152, 153 (1977). The fact that the trial judge stated that he was entering a "temporary order of a permanent nature" rather than a permanent order does not take this case outside of the foregoing authorities so as to require that the award of custody to the wife be vacated. See *Burton v. Furcron,* 207 Ga. 637, 640 (63 SE2d 650) (1951). The language in the decree attempting to retain jurisdiction is simply a nullity, and it is hereby ordered stricken. *Simpson v. Moon,* supra, at p. 153.

2. Appellant contends that the court abused its discretion in awarding custody to the wife where she admitted to a past homosexual relationship and continued to maintain friendships with persons who were homosexual; where it was shown that the father would be just as good a parental guardian as the mother; and where the award to the mother was based on the court's subjective opinion, unsupported by evidence, that a strong psychological "affinity" exists between a young child and its mother. "Our function on appeal is not to make an independent judgment about the custody of the child but only to determine if there is any reasonable evidence in the trial transcript to support the decision of the trial court . . . See *Dyar v. Stovall,* 230 Ga. 653 (198 SE2d 679)(1973), and *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974)." *Horne v. Horne,* 236 Ga. 270 (223 SE2d 666) (1976). The transcript contains reasonable evidence which would support an award of custody to either party, and consequently, it cannot be held that the trial court abused his discretion in awarding custody to the mother.

3. Appellant asserts that the trial court erred in granting a divorce on its own motion where both parties pled cruel treatment as the sole ground for the divorce; no motion was made by either party for summary judgment or judgment on the pleadings and where appellant had requested a jury trial. The decree was entered following testimony by both parties, elicited by the court without objection, that the marriage was irretrievably broken. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the

pleadings." Code § 81A-115 (b). Any error caused by entering the divorce decree under the facts appearing in the record was harmless.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Ingram, J., who dissents from Division 2 and from the judgment of affirmance.*

ARGUED FEBRUARY 17, 1977 — DECIDED MARCH 10, 1977.

*Stanley C. Coker,* for appellant.
*Leonard N. Steinberg, Paul E. Cormier,* for appellee.