## 55460. SPILLERS v. THE STATE.

DEEN, Presiding Judge.

1. The defendant's first enumeration of error, the denial of a continuance, is based on the fact that only a day and a half intervened between the appointment of counsel and the call of the case for trial, of which a full working day necessarily required appointed counsel's presence in the courtroom on other cases, and the half day, spent with the defendant the afternoon before the trial, was insufficient to allow preparation of the defense, including procuring medical witnesses. Under these circumstances, the denial of a continuance was error. "Undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay." *Ware v. State,* 137 Ga. App. 673, 676 (224 SE2d 873) (1976). "The mere obtention of counsel, without giving him time to acquaint himself with the case and subpoena witnesses, is an empty right." *Foote v. State,* 136 Ga. App. 301 (220 SE2d 786) (1975). The refusal to grant a continuance under the circumstances here was an abuse of the court's discretion.

2. The defendant testified that he had suffered severe pain from rheumatoid arthritis since the age of 11; that all major joints in his body were involved and he had had several operations, including the replacement of certain joints in his hands by plastic joints; that the usual ameliorative drugs such as aspirin and butazolidine had either become ineffective or developed such side effects they could no longer be used, and that he obtained a percentage of relief from marijuana, which he had learned to use in amounts to dull his body pain without significant intoxication. His main defense to the charge of possessing nineteen marijuana plants, which had been found by the sheriff growing in a wooded area was medical necessity, and he offered to produce medical testimony to this effect. Since the case is to be tried again we will not pass directly on the refusal of the requests to charge, as this relevancy will depend in large extent on the evidence offered.

It is appropriate to point out that there are no affirmative defenses as to possession or dissemination of marijuana for medical, health and therapeutical purposes. Compare the two affirmative defenses in the

crime of distributing obscene materials (Ga. Code § 26-2101 (e) (1) and (2)), wherein it appears that the General Assembly has provided that a professor or faculty member within elementary, high school or college may utilize what otherwise might be proscribed pornography, if its use is in a course of study related to such material, or if a person needs what otherwise might be classified as illegal pornography (sodomy, close up photography of group sex, photographs of incest, adultery and bestiality (e.g. male human-female baboon; female human-male dog)) for medical, health or therapy purposes, then the person must procure written authorization from a medical practitioner or psychiatrist. With the latter permission, possession of pornotherapy then would become an affirmative defense. Marijuana treatment or therapy appears not to have been medically or scientifically recognized within these professions, while on the other hand pornotherapy appears to have been legally and scientifically recognized and sanctioned under certain conditions since adoption of the two affirmative defenses indicates this. These are issues involving safety, health and community morals within the police power of the state posing questions for resolution by the General Assembly rather than by the courts. For us to rule otherwise would be a judicial usurpation of a legislative prerogative.

Appellee contends appellant's novel medical necessity defense is analogous to possession of marijuana drug as a right protected as part of a religious exercise or religious freedom. A case may be made for the latter within the creeds, commandments, and religious social action missionary programs of some leading atheistic religions. Humanists Manifesto II, Religions of America, Leo Rosten, Simon & Schuster, N. Y., 1975, of the American Humanistic Association, a nontheistic religion, include as some of their evolving ethics or ten commandments: increase of individual freedoms, birth control, abortion, sexual freedom between consenting adults, including incest, adultery, bestiality, pre-marital sex and homosexuality, suicide, mercy killing, dueling, annual guaranteed minimum income while opposing all pro creator, non-animal genesis, religions. Suffice it to say,

"constitutional freedom of religious practice is not a valid defense to a penal charge for violation of a law prohibiting or restricting possession of. . . a designated psychedelic drug, even if the defendant possessed or utilized the drug solely in the practice of his bona fide religious beliefs." 33 ALR3d 939, § 3 (a), 944-948.

*Judgment reversed. Smith, J., concurs. Banke, J., concurs specially.*

SUBMITTED MARCH 1, 1978 — DECIDED APRIL 28, 1978.

*Miller & Shiver, David L. Shiver,* for appellant.
*Thomas H. Pittman, District Attorney, Thomas D. Watry, Assistant District Attorney,* for appellee.

BANKE, Judge, concurring specially.

I fully realize that trial judges are doing their best to reduce increasing backlogs and to reduce the time lag between indictment and trial, and this is as it should be. However, the Supreme Court of Georgia and this court have to their credit traditionally and zealously guarded the right of a defendant that his *appointed* counsel shall have a *reasonable time* to prepare his case for trial. To hold otherwise would deny him the full benefit of counsel guaranteed to him under the Federal and State Constitutions. Code § 1-806; Code Ann. §§ 2-101, 2-111. Where an attorney is *appointed* by the court to defend a person accused of a crime, especially a felony, the court must allow him a reasonable time for the preparation of the defense; and where such motion is made and refused, justice requires that a new trial be granted. *Hunt v. State,* 102 Ga. 569 (27 SE 670) (1897); *Reliford v. State,* 140 Ga. 777 (79 SE 1128) (1913); *Edwards v. State,* 204 Ga. 384 (50 SE2d 10) (1948); *Fair v. Balkcom,* 216 Ga. 721 (119 SE2d 691) (1961). I would not, however, invoke this same rule to the delinquent and tardy but otherwise competent defendant who has been out on bail and employs an attorney the day before trial. See generally discussion in *Williams v. State,* 144 Ga. App. 410 (241 SE2d 261) (1977).