56658, 56659. GAY v. GAY; and vice versa.

Banke, Judge.
This is a child custody case on appeal from juvenile court. The litigation was initiated in superior court as a divorce proceeding, and the issue of custody was transferred to juvenile court for investigation and determination pursuant to Code Ann. § 24A-302 (b). By agreement of the parents, the juvenile court originally placed custody in the Fulton County Department of Family & Children Services for a period of two years, during which period the child lived with the maternal grandmother. At the end of that time, a new hearing was held on the question of permanent custody. Although two caseworkers from the Department of Family & Children Services recommended at that hearing that custody be placed in the mother, the trial court concluded as a matter of fact that the mother had an "unnatural" relationship with another woman and for this reason alone declined to follow the department's recommendation. Instead, permanent custody was awarded to the department with direction that the child not be placed with the mother. Since then, the child has lived in foster homes.
The only evidence presented to support the trial court's finding that the mother was presently engaged in an "unnatural" relationship with another woman was hearsay testimony from the father and the maternal grandmother, both of whom wanted custody of the child. The mother denied that such a relationship existed.
The main appeal to this court is brought by the

mother. The father cross appeals, contending that he should have been given custody. *Held:*

1. Although he did not raise the argument below, appointed counsel for the child has filed a brief in which he contends that the juvenile court had no further jurisdiction over the custody issue after issuing its original order placing temporary custody in the Department of Family & Children Services for a 2-year period. In support of this position, he cites cases holding that a superior court cannot retain continuing jurisdiction over the question of custody once a final decree of divorce has been entered. See, e.g., *Taylor v. Taylor,* 231 Ga. 742 (204 SE2d 129) (1974); *Buck v. Buck,* 238 Ga. 540 (233 SE2d 792) (1977); *Banister v. Banister,* 240 Ga. 513 (241 SE2d 247) (1978). These cases do not restrict the authority of the juvenile court to enter a temporary custody order when a case is referred to it by the superior court. The juvenile court's jurisdiction in such cases is set forth in Code Ann. § 24A-302 (b) (Ga. L. 1974, pp. 1126, 1127) which provides: "If the referral is for investigation and determination, then the juvenile court then [sic] shall proceed to handle the matter in the same manner as though the action originated under this [Juvenile] Code, in compliance with the order of the superior court."

2. Contrary to the contention of the main appellant, this is not a termination-of-parental-rights case. It is a child custody case in which custody was granted to a third party on the basis of the purported unfitness of both the natural parents. The trial court did not attempt to terminate the parental rights of the parties. See generally *Cothran v. Cothran,* 237 Ga. 487 (228 SE2d 872) (1976).

3. "The law contemplates that one of the natural parents will be awarded custody of the child unless the *present* unfitness of the parents is established by clear and convincing evidence at the hearing on permanent custody. Only then is the trial court authorized to consider an award of custody to third parties." *Childs v. Childs,* 237 Ga. 177, 178 (227 SE2d 49) (1976). (Emphasis supplied.)

The trial court made an express finding that the father was "physically and emotionally" unfit to have custody of the child. This finding was supported by

evidence that he had fathered five other children, all illegitimate, and that his only source of income was social security disability payments. The inadequacy of this resource is demonstrated by the fact that he has filed an affidavit of poverty in order to pursue his cross appeal. While we do not mean to intimate that impecuniousness alone can render a parent unfit to have custody of his or her children, it does appear profoundly irresponsible to generate five illegitimate offspring without the ability to provide for them.

In contrast, the trial court made no express finding that the mother was unfit. She was shown to be gainfully employed in a stable job as a laboratory technician at Emory University, and her fitness as a parent was strongly endorsed by the Department of Family & Children Services caseworkers, both of whom recommended that she be granted custody of the child. The trial court's decision not to follow this recommendation was based solely on his conclusion that the mother was engaged in a homosexual relationship with another woman who dominated her emotionally and who had mistreated the child. However, there was no competent evidence introduced at the hearing to show that this was *presently* the case. The father testified that he had witnessed some homosexual activity prior to the first juvenile court hearing, two years earlier, but stated that he had not witnessed any such conduct since then. Thus, the only support for the trial court's finding that a homosexual relationship continued to exist was hearsay.

There being no competent evidence in the record to support a finding of the mother's *present* unfitness to care for the child, the order of the trial court granting permanent custody to the Department of Family & Children Services is reversed with direction that a new order be entered awarding custody to the mother. See *Childs v. Childs,* 237 Ga. 177, supra.

*Judgment affirmed in part and reversed with direction in part. Quillian, P. J., Webb, P. J., Smith, Shulman, Birdsong and Underwood, JJ., concur. McMurray, J., concurs in judgment only. Deen, C. J., dissents.*

ARGUED OCTOBER 3, 1978 — DECIDED FEBRUARY 28, 1979.

*Kneller & Sanders, Scott D. Sanders, James T. Barfield, III,* for appellant.

*L. Rosser Shelton, James T. Barfield, III,* for appellee.

*Lucy S. McGough,* amicus curiae.

DEEN, Chief Judge, dissenting.

Does an "unnatural" consenting relationship with another woman possibly amounting to sodomy render a mother unfit? Do five freely made acts of generating illegitimate offspring possibly amounting to fornication and adultery render a father unfit? Both issues involve considerations of mixed questions of law and theology.

Some religions affirmatively advocate the permissiveness of these acts made between consenting persons freely choosing, cherishing, prizing and affirming their lifestyles, *Spillers v. State,* 145 Ga. App. 809, 810 (245 SE2d 54) (1978), while other religions advocate certain action or absolutes, including these acts as always wrong. Our Georgia criminal laws are based on the latter.

"Q. Have you ever seen Linda and Sabrina in bed together or having abnormal sexual relations or anything?" "A. Yes sir. I have."

I interpret this testimony by the husband as other than hearsay. It is not our duty to weigh the evidence on appeal and substitute our judgment for that of the trial court. I would affirm the order and judgment of the trial court under the any evidence rule and therefore respectfully dissent as to Division 3 of the majority opinion.