Argued July 25, affirmed as modified September 4,
respondent's petition for reconsideration
denied October 11, appellant's petition for
reconsideration denied October 18, respondent's
and appellant's petitions for review denied
November 20, 1979 (288 Or 113)

In the Matter of the Marriage of
ASHLING,
*Appellant,*
*and*
ASHLING,
*Respondent.*
(No. 76-3585, CA 13423)

599 P2d 475

Susan A. Schmerer, Eugene, argued the cause for appellant. With her on the brief was Schmerer & Mehringer, Eugene.

John M. Biggs, Eugene, argued the cause and filed the brief for respondent.

Dominick Vetri and J. P. Graff, American Civil Liberties Foundation of Oregon, Inc., Eugene, filed a brief amicus curiae.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

GILLETTE, J.

## GILLETTE, J.

This is a proceeding for modification of child custody. The three children in question had originally been placed in joint custody, but the father subsequently moved to have custody vested solely in him with reasonable visitation rights in the mother. The mother appeals both with respect to the change of custody and to a certain condition of visitation. We agree with the mother that the visitation restriction was too restrictive, but otherwise affirm.

This case is presented to us as one concerning questions of constitutional magnitude regarding sexual preference. As we view it, however, no constitutional issues come into play.

With respect to custody, no useful purpose would be served by outlining the circumstances surrounding the custody of the children which caused the trial court to conclude that their best interests would be served by placing them with the father. Our own review of the record causes us to agree that the evidence establishes a change of circumstances and preponderates in favor of so placing the children, and that portion of the decree is affirmed.

One portion of the decree, however, requires further discussion. Mother is a lesbian. The children are aware of her sexual preference — although it is not clear on this record as to the significance each child attaches to it. The mother has had sexual relations in the privacy of her bedroom when the children were in her home, but not in their presence. The mother has also behaved affectionately toward other women in front of the children, although she insists such activity is merely friendly, not passionate or sexual.

The trial judge, in granting the father's request for custody, specifically directed:
" * * * [father shall] have custody of the minor children of the parties * * * subject to reasonable and

[49]

seasonable visitation, *with such visitation being limited to such times and places that Petitioner does not have with her, in her home, or around the children any lesbians."* (Emphasis supplied.)

We find nothing *in the present record* to justify such a restrictive provision. So long as the mother's sexual practices remain discreet — a requirement whatever the sexual preferences of the parties might be, *see Niedert and Niedert,* 28 Or App 309, 555 P2d 515 (1977) — and the presence of lesbians in the home from time to time does not of itself create difficulties for the children of a greater magnitude than that suggested by this record, the restriction is inappropriate. It is deleted. In all other respects, the decree is affirmed.

Affirmed as modified.

**LEE, J.,** dissenting.

The visitation conditions contained in the decree are basically the same as those in *A. v. A.,* 15 Or App 351, 514 P2d 358 (1973), *rev den* (1974), so I would affirm.

Therefore, I respectfully dissent.