## 68756. BRAGG v. THE STATE.

(322 SE2d 337)

BIRDSONG, Judge.

Clifford Bragg was sentenced to consecutive twelve-month periods of probated confinement based upon three offenses of driving under the influence of intoxicants. Within the period of probation, he was apprehended for an alleged offense of burglary and once again being highly intoxicated. A hearing was requested by Bragg's probation officer to determine if grounds existed for revocation of the probation for violation of the terms of probation. On the date scheduled for the hearing, Bragg's counsel requested a continuance to obtain the appearance of a defense witness. During the interim of the granted continuance, some modification of the revocation charges were made by the State but those changes do not appear in the record. As a result of the change a new notice of hearing was prepared and served on Bragg and his counsel on the date scheduled for the original hearing by the trial court after the granted continuance. Bragg's counsel moved for a further continuance to prepare a defense and objected to the absence of the written grounds of probation in the file. It is the denial of the continuance and the absence of the specific written grounds of probation that form the basis of this appeal. *Held*:

In ruling on the motion for continuance, the trial court affirmatively stated: "Let the record show that this matter was assigned for hearing Thursday, one week prior to the present date. And that [appellant's attorney] was granted a continuance in order to produce a witness that he stated was crucial to his cause. That the court granted that continuance. The court recognizes that the charges have been amended since Thursday, but it does not appear to the court to be such a striking nature as to require a continuance, the court feeling that [the attorney] has been acquainted with this matter for some time. And it will not aid additionally in his preparation, so the motion is denied."

As to the failure of the petition to have attached the conditions of probation, it was shown without dispute that Bragg was fully explained all the conditions of his probation and executed a written acknowledgement of that explanation. It also was obvious that the State was proceeding on grounds that Bragg had breached the terms of his

probation by violating a criminal statute and drinking alcoholic beverages. No complaint was made that Bragg was misled by the revocation action.

The time for preparation of a case generally is a matter lying within the discretion of the trial judge. Reviewing courts, when called upon, have to review the exercise of that discretion. The theme that runs through the adjudicated decisions is that undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between these two extremes. *Fair v. Balkcom*, 216 Ga. 721, 726 (119 SE2d 691); *Ware v. State*, 137 Ga. App. 673, 676 (224 SE2d 873). However, mere shortness of time for preparation by counsel does not ipso facto show a denial of the rights of an accused. Something more is required. *Bolick v. State*, 127 Ga. App. 542, 545 (1) (194 SE2d 302). Where there is no convoluted case or one without a large number of witnesses or intricate defenses, denial of a continuance merely because of shortness of time will not reflect an abuse of discretion. *Pope v. State*, 140 Ga. App. 643, 644 (231 SE2d 549).

In this case, counsel for Bragg conceded he was familiar with the case. He made no showing as to how much more time would be instrumental in permitting a better prepared defense or how immediate trial would result in an inadequate defense. At the beginning of the hearing, counsel appeared ready and stated he had his witnesses present. We can discern no abuse of discretion under these circumstances. Likewise, there was no dispute that Bragg was aware in what particulars he violated his probation, inasmuch as the terms of probation were explained and Bragg was present to defend against the State's allegations. We therefore conclude appellant's enumeration of error to be without merit primarily because he has failed to demonstrate any harm or prejudice resulting from the denial of the further continuance or the physical attachment of the written delineation of the terms of probation as set forth in the original sentence of the court which was probated. See *Robinson v. State*, 229 Ga. 14 (189 SE2d 53).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 17, 1984.

*Jerry M. Daniel*, for appellant.
*T. W. Millican III, Solicitor*, for appellee.