## 73029. FULGHUM v. THE STATE.
### (350 SE2d 268)

McMurray, Presiding Judge.

Defendant was convicted of the offense of cruelty to children (a two-year-old child). She was sentenced to serve 20 years (3 in confinement and the remainder on probation) and she appeals. *Held*:

1. Defendant contends the trial court erred in denying a motion for continuance because counsel did not have sufficient time to prepare a defense. We disagree.

"The time for preparation of a case generally is a matter lying within the discretion of the trial judge. Reviewing courts, when called upon, have to review the exercise of that discretion. The theme that runs through the adjudicated decisions is that undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between these two extremes. *Fair v. Balkcom*, 216 Ga. 721, 726 (119 SE2d 691); *Ware v. State*, 137 Ga. App. 673, 676 (224 SE2d 873). However, mere shortness of time for preparation by counsel does not ipso facto show a denial of the rights of an accused. Something more is required. *Bolick v. State*, 127 Ga. App. 542, 545 (1) (194 SE2d 302). Where there is no convoluted case or one without a large number of witnesses or intricate defenses, denial of a continuance merely because of shortness of time will not reflect an abuse of discretion. *Pope v. State*, 140 Ga. App. 643, 644 (231 SE2d 549)." *Bragg v. State*, 172 Ga. App. 133, 134 (322 SE2d 337).

In the case sub judice, counsel for defendant adroitly cross-examined prosecution witnesses and fully examined witnesses presented on defendant's behalf. "He made no showing as to how much more time would be instrumental in permitting a better prepared defense or how immediate trial would result in an inadequate defense. . . . We can discern no abuse of discretion under these circumstances." *Bragg v. State*, 172 Ga. App. 133, 134, supra. Defendant has not demonstrated how she was harmed by the trial court's ruling.

2. During the course of the trial, a caseworker for the Department of Family and Children Services testified that she investigated the child abuse charge after receiving a telephone call from the child's grandmother that the child had been burned. Thereafter, defendant attempted to testify that the caseworker told *her* that the investigation was prompted by the allegations of a physician. The trial court did not permit defendant to so testify when the State interposed a hearsay objection. Defendant contends the trial court erred in sustaining the State's objection since she was attempting to impeach the testimony of the caseworker.

Assuming, arguendo, the trial court erred as defendant contends, we are convinced on the basis of the evidence presented in the trial

court that it is highly probable that such error did not contribute to the judgment of conviction. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). Our determination in this regard is bolstered by the fact that defendant's in-custody statement (which was read to the jury in its entirety) contained the very evidence which defendant contends she should have been allowed to introduce.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED OCTOBER 15, 1986 —
REHEARING DENIED NOVEMBER 5, 1986 ■

*James I. Roberts*, for appellant.
*Lindsay A. Tise, Jr., District Attorney*, for appellee.