472 S.E.2d 295 (1996)
In re R.E.W.
No. S96C1232.
Supreme Court of Georgia.
July 12, 1996.
Petition for Certiorari Denied.
All the Justices concur, except HUNSTEIN, CARLEY and HINES, JJ., dissent.
CARLEY, Justice, dissenting.
R.E.W.'s mother discovered R.E.W.'s father engaging in sexual acts with another man in the marital bed. Thereafter, R.E.W.'s parents were divorced. According to the settlement agreement signed by both parties, approved by the trial court and incorporated into the final divorce decree, the mother was awarded custody of the then three-year old R.E.W. and the father was given extensive, but supervised, visitation with the child. After the divorce, the father entered into a meretricious heterosexual relationship. Within several months, however, the father began a homosexual relationship with a man whom he eventually followed to Virginia and with whom he currently resides in that state.
In Georgia, the father brought a petition to modify the final divorce decree so as to permit him unsupervised visitation with R.E.W. After conducting a hearing and conferring with R.E.W. herself, the trial court found that the father would not take adequate measures to prevent the child's exposure to his homosexual lifestyle and that it would be in the best interest of the child to maintain the decree's original provisions for supervised visitation.
The Court of Appeals granted the father's application for a discretionary appeal. In the Interest of R.E.W., 220 Ga.App. 861, 471 S.E.2d 6 (1996). Recognizing that it was resolving an issue of first impression in Georgia, the Court of Appeals cited authority from other states, including In the Matter of Marriage of Ashling, 42 Or.App. 47, 599 P.2d 475 (1979), and concluded that the trial court erred in finding that continued supervised visitation would be in the best interest of R.E.W. Accordingly, the case was reversed and remanded with direction that the trial court award the father "customary unsupervised" visitation with the child. In the Interest of R.E.W., supra at 864, 471 S.E.2d 6.
A majority of this court has denied the mother's petition for a writ of certiorari. In my opinion, certiorari should be granted because the Court of Appeals has undertaken to resolve an issue of first impression in this state's domestic relations law, which issue is of great concern, gravity, and importance to the public. Rule 40 of the Supreme Court of Georgia. Moreover, it is also my opinion that certiorari should be granted because the Court of Appeals erroneously resolved that important issue of first impression. Because I believe that this Court should reverse the judgment of the Court of Appeals, I dissent to the denial of certiorari.
It is of paramount importance to recognize that this case in no way involves the denial of parental visitation rights. All that is in question is whether the exercise of the extensive visitation rights previously granted to the father should continue to be supervised. After conducting a hearing, the trial court found that visitation should remain supervised. An appellate court should not substitute its view of the evidence for that taken by the trial court and it must affirm a trial court's ruling unless there was an abuse of discretion. Homans v. Street, 237 Ga. 649, 229 S.E.2d 432 (1976). Accordingly, unless *296 the evidence demanded a finding that it was in the best interest of the child that visitation be unsupervised, the Court of Appeals erred in reversing the trial court's denial of the father's modification petition. Ledford v. Bowers, 248 Ga. 804(1), 286 S.E.2d 293 (1982).
The clear weight of authority is that where, as here, it is shown that the parent is not only a homosexual but also currently is engaged in a homosexual relationship, restrictions on the exercise of visitation rights are not inappropriate. See Annot., 36 ALR4th 997 (1985); White v. Thompson, 569 So.2d 1181, 1185 (Miss.1990) (under the "majority rule," a requirement that visitation be conducted outside the presence of the parent's homosexual partner "is a reasonable exercise of the court's power and discretion.") Without engaging in any analysis, however, the Court of Appeals inexplicably elected, instead, to follow a line of cases exemplified by In the Matter of Marriage of Ashling, supra, which "appears to be the minority view." J.L.P.(H.) v. D.J.P., 643 S.W.2d 865, 871 (Mo.App.1982).
It is abundantly clear that only the majority rule is compatible with this state's jurisprudence. Sodomy is against the criminal law of Georgia. Compare Mink v. Mink, 195 Ga.App. 760, 395 S.E.2d 237 (1990) (religious affiliation). The judiciary should concern itself only with the objective constitutionality, not the subjective wisdom, of the General Assembly's enactments and there is no question that our legislature's criminal proscription on the act of sodomy is constitutional. Bowers v. Hardwick, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986). Here, it is undisputed that the father engaged in pre-divorce sodomy, and currently is in a homosexual relationship. Compare Gay v. Gay, 149 Ga.App. 173, 174(3), 253 S.E.2d 846 (1979). Thus, the father has a demonstrable past and present history of engaging in conduct which is against the criminal laws of this state. In determining the father's visitation rights, this criminal conduct on his part cannot simply be ignored by the courts. Because the father's criminal conduct should in no way differ from any other demonstrable course of parental criminal conduct, a concern for potential harm to the child necessarily "requires consideration of such conduct by a court charged with determining the best interests of the child." J.L.P.(H.) v. D.J.P., supra at 869. The father's acknowledgement that he currently is engaged in a homosexual relationship which the citizens of this state, through their elective legislative representatives, have criminalized "certainly augurs for potential harm to the child that the trial court was perfectly competent to assess." J.L.P.(H.) v. D.J.P., supra at 869.
The Court of Appeals nevertheless found "no competent evidence" authorizing the trial court to discredit the father's testimony that he agrees that it is in R.E.W.'s best interest to conceal his sexual relationship and intends to act accordingly. This is, in my opinion, patently erroneous. Where, as here, the trial court sits as the trier of fact, it and it alone is uniquely and exclusively qualified to determine the credibility of those witnesses who appear before it. Guardian of Ga., Inc. v. Granite Equipment Leasing Corp., 130 Ga. App. 514, 515(1), 203 S.E.2d 733 (1974); Goggans v. State, 14 Ga.App. 822(2), 82 S.E. 357 (1914). Accordingly, the credibility of the father's testimony was a matter solely for the trial court's determination.
It follows that the opinion of the Court of Appeals should be reversed because it erroneously adopts the "minority rule" with regard to the first impression issue of whether the visitation rights of a parent who is in a homosexual relationship may be restricted so as to limit the child's exposure to the parent's lifestyle. White v. Thompson, supra; J.L.P.(H.) v. D.J.P., supra. Compare In the Matter of Marriage of Ashling, supra. Moreover, the opinion of the Court of Appeals also should be reversed because it blatantly usurps the trial court's traditional authority to determine credibility and to exercise its discretion when determining the issue of child custody, including visitation rights. Under the evidence,
it cannot be held as a matter of law that the trial judge, who saw and heard the parties and the witnesses, abused his discretion in making the award complained of; and since no abuse of his discretion appears from the record, [the][C]ourt [of Appeals *297 should] not interfere to control his judgment. [Cits.]
Murphy v. Dixon, 218 Ga. 111-112, 126 S.E.2d 616 (1962). See also Murphy v. Murphy, 238 Ga. 130, 231 S.E.2d 743 (1977). The father himself originally agreed to the terms of visitation which the trial court now refuses to modify and, "[w]hile these visitation rights were restrictive, they were within the discretion of the trial judge. [Cit.]" Barger v. Barger, 238 Ga. 334(3), 232 S.E.2d 567 (1977). See also Schowe v. Amster, 236 Ga. 720, 722(5), 225 S.E.2d 289 (1976).
Regretfully, this court has not taken the present opportunity to reverse the erroneous opinion of the Court of Appeals. Thus, unless and until this court holds otherwise, the opinion of the Court of Appeals constitutes the applicable law of Georgia. As long as the opinion of the Court of Appeals is the statement of our applicable law, the trial courts of this state no doubt will be confused, not only as to the extent to which they can continue to exercise discretion in determining the best interest of the child for the purpose of deciding child custody issues in a domestic relations case, but also as to the extent to which they can continue to determine the credibility of witnesses in any bench trial. Hopefully, another case soon will present this court with the opportunity to overrule this erroneous precedent.