## A99A0075. DALLY v. THE STATE.
(516 SE2d 87)

Judge Harold R. Banke.

John Carroll Dally was convicted of the offense of aggravated assault after firing a handgun at close range at his former spouse. On appeal, Dally asserts four errors.

The underlying case arose after the victim, an elementary school teacher, entered her school's parking lot and noticed a white Ford truck she thought might belong to Dally, her ex-husband. Fearing that Dally might try to harm her as a result of their bitter divorce and unresolved conflicts over child support, the victim decided to confirm that it was Dally's truck before calling police. As she attempted to drive closer, Dally suddenly pulled his truck out in front of her almost causing a head-on collision. Dally glared at her then reached toward his glove compartment. Fearing for her life, the victim tried to escape. As she attempted to leave, Dally exited his truck, walked toward her car and fired a single shot which barely missed her. The bullet lodged in the roof just above her head. The victim fled then dialed 911 from her car phone before proceeding to a police station.

An eyewitness, Lon Phillips, observed Dally attempt to shoot the victim. Phillips saw the victim flee and watched Dally return to his truck. As Phillips rushed outside, Dally looked directly at him before he escaped. Phillips pursued Dally, but after losing him in traffic, flagged down an approaching police car and reported the crime. Phillips identified Dally as the assailant.

On October 10, 1996, over a year after the attack, Houston Police Sergeant Steve Copeland, assigned to the FBI's Violent Fugitive Task Force, apprehended Dally on a fugitive warrant in Houston, Texas. After his extradition to Georgia, Dally's property remained in Texas. This property included the Ford truck and a cashier's check for $18,000 payable to Dally, discovered during a search of Dally's truck.

At a hearing on March 5, 1997, the State apprised the court of the existence of an outstanding judgment against Dally for approximately $5,000 for unpaid child support. For this reason and others, the trial court deferred ruling on Dally's motion to return funds. The court heard additional motions on that day and the next and set the issue of recovery of funds down for a hearing on April 2, 1997.

Then on March 6, Dally filed a demand for speedy trial. On March 7, following the filing of that demand, Dally's counsel was told to appear on Monday, March 10 to begin a jury trial. Dally objected to the case being called for trial and requested a seven-day continuance. When that was denied, he sought a two-day continuance, but the State objected. The State conditioned its agreement to a delay on Dally's withdrawal of the demand for speedy trial which he refused to do. After the State agreed to a one-day continuance, Dally was told to

report for trial the next day. Before trial, on March 11, Dally renewed his objections to proceeding.

During its case-in-chief, the State asked Sergeant Copeland, whether after being afforded the warnings required by *Miranda*, Dally had made any statements regarding the alleged aggravated assault. Without objection, Copeland responded, "[n]o, we didn't attempt to interview him about that." At this point, Dally objected and moved for a mistrial. After denying the motion, the court granted Dally's request for a curative instruction. Dally did not immediately renew his motion for mistrial but waited until the completion of Copeland's testimony and that of a subsequent witness before doing so. *Held*:

1. Dally contends that the trial court erred by not granting his motion for return of funds which he claims effectively precluded him from retaining counsel of his own choosing.

It is undisputed that the cashier's check at issue remained in possession of law enforcement officials in Houston, Texas, until March 11, when an out-of-state witness brought the check with him to Georgia. As such, the Cobb County District Attorney's office did not have possession, custody, or control over the funds. On March 11, when the court agreed to permit the deposit of the $18,000 into the registry of the court so that Dally could access the balance remaining after deduction of the child support lien, upon advice of counsel, Dally refused to endorse the check. By refusing to endorse the check to obtain the funds and by continuing to demand a speedy trial, Dally's own actions precluded him from retaining private counsel. See *Glover v. State*, 230 Ga. App. 795, 797 (1) (498 SE2d 300) (1998) (a defendant cannot complain of a result caused by his own conduct).

2. In two enumerations of error, Dally contends that the trial court erred in denying his request for a continuance. He asserts that his counsel was deprived of proper notice and adequate time to prepare for trial. Dally claims that the court misconstrued his demand as constituting an announcement of ready for trial.

The granting of a continuance is a matter within the sound discretion of the trial court, and absent a clear showing of abuse, the lower court's decision will not be reversed. *Livingston v. State*, 266 Ga. 501, 503 (1) (467 SE2d 886) (1996); *Rhodes v. State*, 200 Ga. App. 193, 194 (1) (407 SE2d 442) (1991). Without question, by submitting the demand for trial, Dally shortened the time available to try him. *Croft v. State*, 180 Ga. App. 705, 706 (350 SE2d 34) (1986).

Pretermitting consideration as to whether the notice requirement of Uniform Superior Court Rule 32.1 was violated or as to the legal effect of initiating the demand, Dally failed to establish that the court abused its discretion by refusing to grant the continuance. Dally obtained appointed counsel on November 4, 1996, who filed

numerous motions on Dally's behalf. Dally neither claimed nor showed that his appointed counsel's trial performance was ineffective in his motion for new trial. Inasmuch as Dally and his counsel had several months to prepare for trial, the trial court did not manifestly abuse its discretion by refusing to grant additional time. *Warren v. State*, 232 Ga. App. 488, 490 (3) (a) (502 SE2d 336) (1998).

To attempt to establish why he needed more time to prepare for trial, Dally submitted two offers of proof under seal to the court which disclosed a defense strategy of claiming that his ex-wife concocted a scheme to frame him.[1] But where, as here, a case is not convoluted and does not involve a large number of witnesses or intricate defenses, denial of a continuance merely because of shortness of time for preparation for trial does not constitute an abuse of discretion. *Fulghum v. State*, 180 Ga. App. 748 (1) (350 SE2d 268) (1986). Given the overwhelming evidence of Dally's guilt, including the testimony of the victim, corroborated by a witness who saw the crime, as well as the testimony of two other witnesses revealing Dally's earlier threats to kill the victim, and Dally's flight from justice, Dally failed to establish that the trial court abused its discretion in denying the continuance. See *Bragg v. State*, 172 Ga. App. 133, 134 (322 SE2d 337) (1984); *Clark v. State*, 138 Ga. App. 266, 271 (7) (226 SE2d 89) (1976).

3. Dally claims that the trial court erred by denying his motion for a mistrial after a State witness improperly commented on his post-arrest silence after receiving *Miranda* warnings.

Notwithstanding Dally's claim to the contrary, the witness did not comment about Dally's post-arrest silence but rather testified that he never questioned Dally about the aggravated assault. Nor did the witness testify that Dally refused to give a statement. Compare *Gibbs v. State*, 217 Ga. App. 614, 615-616 (458 SE2d 407) (1995). After the trial court issued a curative instruction, Dally failed to timely renew his motion for mistrial. *Maddox v. State*, 227 Ga. App. 602, 603-604 (2) (490 SE2d 174) (1997); see *Mansfield v. State*, 214 Ga. App. 520, 521 (2) (448 SE2d 490) (1994). In these circumstances, the trial court properly denied the motion for mistrial. *McDaniel v. State*, 204 Ga. App. 753, 754 (2) (420 SE2d 636) (1992).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 9, 1999.

*Mitchell D. Durham*, for appellant.

---

[1] The court ordered $1,000 for the services of a professional investigator for Dally's use.

*Patrick H. Head*, District Attorney, *Debra H. Bernes*, *Thomas A. Cole*, *Nancy I. Jordan*, Assistant District Attorneys, for appellee.